UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BOLIN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:17CV1903 RLW |
| HSBC MORTGAGE SERVICES INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Kimberly Bolin and Donald Bolin's ("Plaintiffs") Motion for Judicial Notice of Adjudicative Facts (ECF No. 107) and First Motion to Compel Discovery of Documents from Defendant HSBC Mortgage Services, Inc. ("HSBC") (ECF No. 122). The motions are fully briefed and ready for disposition.

## BACKGROUND

The facts concerning this case initiated with a mortgage obtained by Plaintiffs for the property at 5019 Meadow Drive, Imperial, Jefferson County, Missouri. On March 5, 2018 the Court issued a Memorandum and Order (ECF No. 100) and accompanying Order of Partial Dismissal (ECF No. 101) dismissing many of Plaintiffs' claims and dismissing several originally named defendants. The only remaining defendants are Martin Leigh PC and HSBC.

After the Court ruled on the motions to dismiss, the case was referred to meditation. (ECF No. 103) The parties participated in a mediation conference on April 19, 2018, at which they did not achieve a settlement. (ECF No. 111) Shortly after the mediation, Plaintiffs filed a Motion for Judicial Notice of Adjudicative Facts. (ECF No. 107) The motion seeks judicial

notice of facts related to a subsequent quit claim deed on the subject property recorded by HSBC.

After the mediation proved unsuccessful, Plaintiffs filed a Request for a Scheduling Hearing. (ECF No. 108) The Court denied the request and ordered the parties to meet and confer regarding the schedule in this case and submit a joint proposed amended scheduling plan for the Court to review. (ECF No. 109) The parties submitted a Joint Proposed Amended Scheduling Plan (ECF No. 113), and the Court issued an Amended Case Management Order ("CMO") (ECF No. 114). The CMO mandated the parties complete all discovery in this case no later than July 16, 2018. (*Id.* at sec. I.3(f)) On June 11, 2018, the Court temporarily stayed the case due to Kimberly Bolin's medical issues. (ECF No. 119) After the stay was lifted, the parties submitted an Amended Joint Proposed Scheduling Plan in which they requested to delay the discovery deadline to September 14, 2018. (ECF No. 120) The Court issued a Second Amended Case Management Order ("Second CMO"), which included the parties' agreed discovery deadline. (ECF No. 121)

On September 25, 2018, Plaintiffs filed their First Motion to Compel Discovery of Documents from Defendant HSBC. (ECF No. 122) HSBC filed a Memorandum in Opposition, arguing the motion is untimely because Plaintiffs' underlying document request was not severed with enough time for it to respond. (ECF No. 124) It further argues Plaintiffs fail to meet their burden for the Court to compel the requested discovery. (*Id.*)

Both motions have been fully briefed.

## DISCUSSION

### I. Motion for judicial notice

"Judicial notice of a fact is only to be taken when that fact is not subject to reasonable dispute." *Lustgraaf v. Behrens*, 619 F.3d 867, 885 (8th Cir. 2010). Under Federal Rule of Evidence 201(b), the Court may only take judicial notice of a fact if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Plaintiffs request the Court take judicial notice of a quit claim deed in the Jefferson County Recorder of Deeds office on December 21, 2017 that transferred HSBC's interest in the subject property to Wilmington Savings Fund Society. (ECF No. 107-1). Plaintiffs state they learned of the quit claim deed the afternoon before the parties participated in mediation on April 19, 2018. They further suggest the mediation was "skewed" because they had initially believed ownership of the subject property could be part of the negotiation. In addition to the quit claim deed itself, Plaintiffs request the Court take judicial notice of a press release that purports to relate the quit claim deed to defendant Martin Leigh PC, the facts contained in the press release, as well as the timing of HSBC's fling and its "failure to inform Plaintiffs of said transfer before ADR commenced." (ECF No. 107, at 2)

HSBC opposes the Court taking judicial notice of the quit claim deed. First, it refutes Plaintiffs' allegation related to Martin Leigh PC. Second, HBSC argues the quit claim deed is irrelevant to the remaining claims in this case. It cites to the procedural history related to the subject property and maintains that as the rightful possessor of the property it was permitted to deed it to whomever it chose.[1] While maintaining its argument as to the relevancy of the quit

---

[1] HSBC also suggests Plaintiffs violated this district's Local Rule 6.04, which provides: "Alternative dispute resolution proceedings are private and confidential. . . . All written and oral communications made

3

claim deed, HSBC essentially concedes the Court may take judicial notice of the deed itself but not the surrounding facts as they are subject to reasonable dispute.

The Court can properly take judicial notice of the quit claim deed, including the date on which it was filed, because it is a public record. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records."). The Court, however, declines to take judicial notice of the other information as it is subject to reasonable dispute.[2]

## II. Motion to compel

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)).

---

or disclosed to the neutral are confidential and may not be disclosed by the neutral, any party, or other participant, unless the parties otherwise agree in writing." Plaintiffs counter that, while they disclosed their perspective leading up to the mediation and reflection afterwards, they did not disclose any information or documentation created for use during the mediation.

[2] Plaintiffs concede this point in their Reply memorandum. (ECF No. 112, at 6)

Plaintiffs served their First Set of Requests for Production on March 12, 2018. According to HSBC, the parties agreed for HSBC to respond prior to mediation. HSBC produced approximately 1,400 pages of responsive documents, but also submitted Objections and Responses on May 18 in which it argued certain requests were irrelevant and/or not proportional to the needs of this case. (ECF No. 124-1) After the unsuccessful mediation session and the Court-ordered stay, the parties agreed to a new discovery deadline of September 14. Plaintiffs served a Second Set of Requests for Production on August 17. HSBC responded on September 17; however, Plaintiffs still complained that it failed to provide all responsive documents. After subsequent communications between the parties failed to yield an agreement, Plaintiffs filed this Motion to Compel Discovery on September 25. (ECF No. 122)

HSBC first objects to the motion as untimely. Federal Rule of Civil Procedure 34 provides the mechanism by which a party may seek to request discovery within the scope of Rule 26. Once a request has been served, "[t]he party to whom the request is directed must respond in writing within 30 days after being served . . . . A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A). Because Plaintiffs served their Second Set of Requests for Production on August 17, HSBC argues the request was untimely because it did not have 30 days to respond before the September 14 discovery deadline.

HSBC cites a recent case from this district to support its contention that, "[i]n order to be timely, a discovery request should be served far enough in advance of the applicable discovery deadline that the responsive party's response is due before the deadline." *See Luer v. Cty. of St. Louis, MO*, No. 4:17-CV-767 NAB, 2018 WL 2734986, at *2 (E.D. Mo. June 7, 2018). The court in *Luer* held that a request to inspect the plaintiff's home was untimely as it was filed six days before the discovery deadline. *Id.* According to the court, "The timing of Defendants'

5

inspection notice foreclosed Plaintiffs' opportunity to have thirty days prior to the close of discovery in which to respond." *Id.* "To read Rule 34 as allowing the party serving a notice of inspection to unilaterally shorten the time for requiring the party receiving the notice to respond . . . would render the foregoing sections of Rule 34 mere surplusage." *Id.* (quoting *Mallak v. Aitkin Cty.*, No. 13-cv-2119 (DWF/LIB), 2016 WL 8607391, *6, (D. Minn. June 30, 2016)).

Plaintiffs contend the language in Rule 34(b)(2)(A) does not require a discovery request be made with enough time so the responding party has 30 days to respond before any applicable discovery completion deadline. Rather, they suggest it merely requires the responding party to respond within 30 days. (ECF No. 127, at 2) They further argue *Luer* is distinguishable from this case because the requesting party in *Luer* served its notice of inspection just six days prior to the discovery deadline, whereas Plaintiffs served their Second Set of Requests for Production 28 days prior to the discovery deadline. The Court need not determine whether the principal suggested in *Luer* is strictly applicable given the timeline of events here because the motion to compel should be denied on other grounds.

HSBC also argues Plaintiffs' Second Request for Production was duplicative. Comparing the first and second requests for production, 29 of the 35 requests in Plaintiffs' Second Request for Production were verbatim repeats of requests in Plaintiffs' First Request for Production. Plaintiffs' motion specifically seeks to compel responsive production to the following two requests:

> 15. Produce all copies of each separate loan modification agreement for the loans in question.
>
> 25. Produce a detailed chain of title between Intervale Mortgage Corp. to HSBC including copies of all consideration given and received with dates when transfers and consideration occurred.

6

(ECF No. 123, at 3) Request No. 25 in the Second Request for Production (ECF No. 124-2, at 17) is an exact repeat of Request No. 35 in the First Request for Production (ECF No. 124-1, at 20). While Request No. 15 in the Second Request for Production is not a precise repeat of any request in the First Request for Production, HSBC argues the material sought to be produced was encompassed by Request No. 1 of the First Request for Production that sought, among other things, "Loan documents such as . . . modifications." (ECF No. 124-1, at 4)

Plaintiffs themselves describe their second request as including "re-requests" of documents that HSBC did not produce previously in response to their first request. (ECF No. 122, at 2) HSBC argues Plaintiffs could have filed a motion to compel long before the discovery deadline if they believed HSBC's objections to the First Request for Production were insufficient. Rather, they chose to serve a "re-request" consisting of almost the exact same language 28 days before the discovery deadline.

Further, HSBC argues the requested documents are neither relevant to the remaining claims nor proportional to the needs of this case. As to Request No. 15, HSBC asserts it has already produced the documents that could be located after a reasonable search, including letters explaining the temporary loan modifications that were extended during HSBC's servicing of Plaintiffs' loans. These letters explicitly stated that each temporary modification was subject to "[a]ll obligations, rights and remedies set out in the Note and Security Instrument[.]" (ECF No. 124-3) Accordingly, HSBC argues the letters do not suggest the existence of separate, executed loan modification agreements. The Court agrees.

As to Request No. 25, HSBC argues the request for documentation concerning "all consideration given and received with dates when transfers and consideration occurred" does not relate to the issue whether HSBC *owned* the notes and was, therefore, entitled to enforce the

deeds of trust. Further, HSBC contends the relevant information is approximately 14 years old and would create a burden on HSBC that outweighs the possible benefit to Plaintiffs. The Court agrees with HSBC and, in light of the protracted nature of this case, denies Plaintiffs' motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Judicial Notice of Adjudicative Facts (ECF No. 107) is **GRANTED in part**. The Court takes judicial notice of the quit claim deed filed in the Jefferson County Recorder of Deeds office on December 21, 2017. (ECF No. 107-1).

**IT IS FURTHER ORDERED** that Plaintiffs' First Motion to Compel Discovery of Documents from Defendant HSBC Mortgage Services, Inc. (ECF No. 122) is **DENIED**.

**IT IS FINALLY ORDERED** that the trial setting for April 1, 2019 is **VACATED** and will be reset, if necessary, after the Court rules on the pending motions for summary judgment.

Dated this 25th day of February, 2019.

Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**