# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BOLIN, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:17CV1903 RLW<br>) |
| HSBC MORTGAGE SERVICES INC., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the separate Motions for Summary Judgment filed by Defendants Martin Leigh PC ("Martin Leigh") (ECF No. 128) and HSBC Mortgage Services Inc. ("HSBC") (ECF No. 130). Plaintiffs Kimberly and Donald Bolin are opposed. The motions are fully briefed and ready for disposition.

Plaintiffs filed this *pro se* action related to a mortgage they obtained for the property at 5019 Meadow Drive, Imperial, Jefferson County, Missouri. On March 5, 2018, the Court entered its Order dismissing several of the claims in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissing several defendants. (ECF No. 101) After that order, the only remaining claims and defendants are as follows: Count I against HSBC and Martin Leigh for breach of fiduciary duty; Count II against HSBC and Martin Leigh for breach of the implied covenant of the duty of good faith and fair dealing; Count V against HSBC for unjust enrichment; and Count VI against HSBC and Martin Leigh for fraud upon the Court.

Both remaining defendants have filed Motions for Summary Judgment. (ECF Nos. 128 & 130) Plaintiffs are opposed to both motions with the exception of Count V against HSBC, which Plaintiffs concede is outside the relevant statute of limitation period. (ECF No. 135, at 2)

In addition to its substantive arguments in favor of summary judgment on the remaining claims, Martin Leigh argues that this Court should dismiss the case in its entirety because the Court no longer has subject matter jurisdiction over the action. The Court originally had subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 because several of Plaintiffs' claims in the Amended Complaint were brought under federal statutes.[1] The Court's Order of March 5, 2018, however, dismissed the claims brought under federal law. (ECF No. 101) Accordingly, the Court no longer has subject matter jurisdiction based on a federal question and need not exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). The Court also lacks subject matter jurisdiction based on diversity because Plaintiffs and Martin Leigh are both citizens of Missouri. *See Id.* § 1332.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1019 (8th Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

After careful consideration of these factors, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and dismisses the case. Plaintiffs argue

---

[1] Count IV against HSBC and Martin Leigh alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1629d-f, and Count VIII against HSBC alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* (ECF No. 33)

the Court should exercise supplemental jurisdiction over their claims in the interest of judicial economy. The Court is unconvinced, especially in consideration of comity with state courts. Missouri statutory and case law is clear that homeowners who dispute a lender's right or ability to foreclose upon their property have two options. "They must either: (1) sue to enjoin the foreclosure sale from occurring, or (2) if the sale has occurred and the buyer has sued for unlawful detainer, bring a separate action challenging the foreclosure purchaser's title and seek a stay of the unlawful detainer action in that separate case." *Wells Fargo Bank, N.A. v Smith*, 392 S.W.3d 446, 461 (Mo. 2013) (en banc). Plaintiffs did not pursue either route here. Rather, they appealed the original trial court's grant of summary judgment and judgment for possession of the property in favor of HSBC's in its unlawful detainer action. The Missouri Court of Appeals affirmed the trial court's judgment, and the Supreme Court of Missouri denied Plaintiffs' request for transfer. *HSBC Mortg. Servs., Inc. v. Bolin*, 519 S.W.3d 818 (Mo. Ct. App. 2017), *reh'g and/or transfer denied* (Apr. 27, 2017), *transfer to Supreme Court of Missouri denied* (June 27, 2017). Thus, Plaintiffs exhausted their state court remedies.

The Court also finds that the *Rooker-Feldman* doctrine divests subject matter jurisdiction over this action. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations." *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996). The doctrine also deprives the Court of jurisdiction over claims that are "inextricably intertwined" with claims adjudicated in state court. *Feldman*, 460 U.S. at 482 n.16. A claim is inextricably intertwined under *Rooker-Feldman* if it "succeeds only to the extent that the state court wrongly decided the

issues before it [or] if the relief requested . . . would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

In an unpublished memorandum opinion,[2] the Missouri Court of Appeals addressed Plaintiffs' claims, including their fraud claim related to HSBC's allegedly fraudulent assignment of the deed of trust. *HSBC Mortg. Servs., Inc. v. Bolin*, No. ED104152, slip op. at 6-7 (Mo. Ct. App. Mar. 14, 2017). The appellate court concluded Plaintiffs were not entitled to relief, in part, because they had failed to raise the issue in the trial court. *Id.* In addition to Plaintiffs' fraud claim having been directly addressed by the Missouri Court of Appeals, the Court finds Plaintiffs' other claims in this action to be inextricably intertwined with the completed state court action as the heart of both cases concerned the same relevant time period, parties, and circumstances surrounding Plaintiffs' loan and the property at 5019 Meadow Drive, Imperial, Jefferson County, Missouri. While the claims may not be identical to those previously litigated in state court, the Court nevertheless concludes that exercising jurisdiction here could lead to effectively reversing the decision by the Missouri Court of Appeals or void its ruling. Such a result is directly contemplated and prohibited by the *Rooker-Feldman* doctrine. *See Fed. Nat'l Mortg. Ass'n v. Underwood*, No. 4:17-CV-2370-NCC, 2017 WL 5197141, at *2 (E.D. Mo. Nov. 8, 2017) (concluding the *Rooker-Feldman* doctrine applied where a plaintiff requested the federal district court to set aside the state court unlawful detainer judgment and restore his possession of his property).

---

[2] The unpublished memorandum opinion by the Missouri Court of Appeals explicitly notes it "does not constitute a formal opinion of this court. It is not uniformly available. It shall not be reported, cited, or otherwise used in *unrelated cases* before this court or any other court." *HSBC Mortg. Servs., Inc. v. Bolin*, No. ED104152, slip op. at 1 (Mo. Ct. App. Mar. 14, 2017). Accordingly, the Court does not cite or rely on the unpublished memorandum opinion for its legal conclusions but notes its content for the purpose of fully addressing the relevant procedural history between the parties in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the separate Motions for Summary Judgment filed by Defendants Martin Leigh PC (ECF No. 128) and HSBC Mortgage Services Inc. (ECF No. 130) are **GRATED, in part,** as they relate to the Court's lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs Kimberly and Donald Bolin's claims against Defendants HSBC Mortgage Services Inc. and Martin Leigh PC are **DISMISSED**. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 27th day of September, 2019.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**